FILED

United States Court of Appeals
Tenth Circuit

June 29, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KYLE EUGENE CORNWELL,

Defendant-Appellant.

No. 09-4066
(D.C. No. 2:08-CR-00250-TS-1)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BRISCOE**, and **HARTZ**, Circuit Judges.

---

Kyle Eugene Cornwell entered a guilty plea to one count of conspiring to attempt to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1). His plea agreement included a waiver of his right to appeal his sentence. The district court determined that the advisory sentencing guideline range was 84 to 105 months and imposed a sentence of 84 months, at the low end of the range.

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Cornwell has now filed an appeal seeking to challenge the calculation and reasonableness of his sentence. The government has moved to enforce the appeal waiver in Mr. Cornwell's plea agreement pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). We grant the motion and dismiss the appeal.

In determining whether an appeal should be dismissed based on an appeal waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Cornwell, through counsel, concedes that the waiver of his appeal rights was knowing and voluntary. He admits also that his appeal falls within the express terms of his appeal waiver. Finally, he acknowledges that "the record in this case does not disclose any reasonable basis for finding that enforcement of the plea waiver 'would result in a miscarriage of justice.'" Resp. to Mot. to Enforce at 2 (quoting *Hahn*, 359 F.3d at 1325). Because Mr. Cornwell has not established any of the applicable exceptions to the enforcement of his appeal waiver, we conclude that the government's motion to

enforce should be granted.  Accordingly, we GRANT the motion and DISMISS

the appeal.


                ENTERED FOR THE COURT
                PER CURIAM